**UNITED STATES of America**

**v.**

**PHONG TRAN.**

**UNITED STATES of America**

**v.**

**PHU PHONG LE.**

**No. C–91–0026M–01, C–91–0026M–02.**

United States District Court,
M.D. Pennsylvania.

July 10, 1991.

Mal Mannion, Asst. U.S. Atty., Scranton, Pa., for plaintiff.

Thomas P. Blewitt, Federal Public Defender, Scranton, Pa., for defendants.

### ORDER

JOSEPH F. CIMINI, United States Magistrate Judge.

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

Apparently fearing that criminal charges had been filed against them in or around the area of Tampa, Florida, Phong Tran and Phu Phong Le last night turned themselves into police in Wilkes–Barre, Pennsylvania. The Federal Bureau of Investigation was called into the case and contact reportedly was made with a federal prosecutor in the Middle District of Florida.[1] Local special agents of the Bureau arrested Phong Tran and Phu Phong Le without a Warrant early this morning, based upon

---

**1.** Tampa is situate in the Middle District of Florida. *Cf.:* Title 28 United States Code, sec-

tion 89(b).

authorization from the Assistant United States Attorney in Tampa.[2] Both of these arrestees appeared before the undersigned this afternoon.

Proceedings this date have been conducted pursuant to Rule 40 of the Federal Rules of Criminal Procedure. Rule 40(a) specifies that preliminary proceedings concerning the defendant are to be conducted in accordance with Rules 5 and 5.1 of the Federal Rules of Criminal Procedure. And, Rule 5(a) of said Rules provides that, if a person arrested without a Warrant is brought before a federal Magistrate Judge, "a complaint shall be filed forthwith which shall comply with the requirements of Rule 4(a) with respect to the showing of probable cause."

The language of Rule 40 suggests that a federal prosecution of the arrested person is pending in another judicial district. At the same time, the language of Rule 5 regarding arrests without a Warrant suggests that they are arrests made in the same judicial district where the crime allegedly has been committed. Neither has been the instant situation involving Phong Tran and Phu Phong Le.

When they were arrested without Warrants in the Middle District of Pennsylvania, criminal charges had not yet been filed in the Middle District of Florida; and, the Government has taken the position that there is no venue for charges being filed in this District.[3] Consequently, the F.B.I. Special Agent who arrested Phong Tran and Phu Phong Le has not been able to file the complaint contemplated in Rule 5(a) in this Court. The two (2) arrestees remained in custody while Florida federal authorities reportedly made efforts to file formal charges against them before a United States Magistrate Judge in Tampa. Meanwhile, an individual Pretrial Services Report was prepared for each of them by United States Probation Officers McCarthy and Dempsey. Both Phong Tran and Phu Phong Le completed Financial Affidavits in support of requests for attorney services without payment of fee.

Based upon the contents of their Financial Affidavits and the responses they have made to questions posed in open Court, both Phong Tran and Phu Phong Le are entitled to the appointment of counsel. The Magistrate Judge also has had before him the individual Pretrial Services Reports. The Federal Public Defender shall be appointed to represent them. Phong Tran and Phu Phong Le have had the assistance of Assistant Public Defender Thomas Blewitt in Court today, as authorized from the Bench. If there be any additional proceedings connected to this case in the Middle District of Pennsylvania, Phong Tran and Phu Phong Le will have counsel.

During the Court proceedings before the undersigned this afternoon, it was disclosed that the Magistrate Judge in the Middle District of Florida has declined to accept the criminal complaint against Phon Tran and Phu Phong Le for filing. The Florida federal jurist reportedly found no probable cause for charges under Title 18 United States Code, section 2314 and section 2315, or for a charge of conspiracy to commit same. Accordingly, as of late this afternoon (approximately 4:30 p.m.) no charges were being filed against Phong Tran and Phu Phong Le. Representing the Government, Assistant United States Attorney Mal Mannion agreed with the Assistant Public Defender, that there no longer is any legal justification to continue Phong Tran and Phu Phong Le in federal custody.

The Magistrate Judge finds the agreement of the federal prosecutor and defense counsel to be most appropriate. They are

---

**2.** It is likely that this Florida federal prosecutor had no authority to authorize warrantless arrests in the Middle District of Pennsylvania. Any such impropriety would not be a concern for this Court, however, particularly since the United States Attorney's Office here in the Middle District of Pennsylvania eventually was notified and did make an appearance in the case.

**3.** It appears that the two (2) arrestees are facing charges which involve the interstate transportation of stolen goods, the interstate sale or receipt of stolen goods, or conspiracy to commit such crimes. *Cf.*: Title 18 United States Code, section 2314 and section 2315.

entirely correct in concluding that each arrestee is entitled to be discharged. The Fourth Amendment to the Constitution of the United States requires a judicial determination of probable cause for the continued pretrial detention of one arrested without a Warrant. *Cf.: Gerstein v. Pugh*, 420 U.S. 103, 95 S.Ct. 854, 43 L.Ed.2d 54 (1975). The report to this Court is that a United States Magistrate Judge in Tampa, Florida, has determined that there is no probable cause for the criminal complaint against Phong Tran and Phu Phong Le. Each of them is entitled to be released from federal custody.

NOW, THEREFORE, IT IS ORDERED THAT:

1. The Federal Public Defender be and hereby is appointed to represent Phong Tran and Phu Phong Le in this case, in connection with all proceedings in the United States District Court for the Middle District of Pennsylvania.

2. Phong Tran and Phu Phong Le be and hereby are discharged from custody, there being no probable cause for the continued detention of either of them.

3. The United States Marshal be and hereby is authorized to complete routine processing prior to effecting the arrestees' discharge, with the request that their discharges be noted in official records.